UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

Marc Kalinowski and
Kimberley Kalinowski,

    Debtors,

Case No. 11-49990
Chapter 7
Hon. Walter Shapero

_____/

Brij Gujral,

    Plaintiff,

v.

Adv. Pro. No. 11-06030

Kimberley Kalinowski,

    Defendant.

_____/

**OPINION REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The matters before the Court are the parties' Cross Motions for Summary Judgment (Docket Nos. 5 and 6). The Court held a hearing, required the parties to submit additional documents from the state court record, and took the motions under advisement.

JURISDICTION

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), and, as such, is within the Court's jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

1

BACKGROUND

On April 29, 2009, a State of Michigan Independent Arbitration Panel entered an Arbitrator's Award finding in favor of Brij Gujral ("Plaintiff") and against Tiger Technologies, LLC ("Tiger") in the amount of $307,978.16, based on the Michigan Sales Commission Act, MCL 600.2961, and breach of contract claims raised by Plaintiff. Tiger is a Michigan limited liability company, which at all relevant times was owned by Kimberley Kalinowski. On May 20, 2009, the Oakland County, Michigan Circuit Court confirmed the Arbitration Award and entered a judgment against Tiger in the amount of $307,978.16. Tiger did not appeal that judgment.

Tiger failed to pay the Judgment and Plaintiff began collection efforts. As part of those collection efforts, Plaintiff's attorneys conducted creditor's examinations of Kimberley Kalinowski on July 8, 2009 and her husband, Marc Kalinowski, on August 4, 2009. Those creditor's examinations revealed that, at some point after the Judgment was entered against Tiger and the creditor's examination, substantially all of the assets of Tiger had been transferred to a newly formed company, Thunder Technologies, LLC ("Thunder"), which was wholly owned by Marc Kalinowski. Those transfers occurred after Michigan Commerce Bank foreclosed its security interest in substantially all assets of Tiger and took possession or control of those assets, following which, that bank sold those assets to Thunder for approximately $90,000. Edward Kalinowski (who is the father of Marc Kalinowski) individually had loaned the $90,000 to Thunder to purchase those assets, taking a security interest in the assets of Thunder to secure the repayment of that loan. Thunder began its business operations in the same industry, at the same location, with the same equipment, and with the same employees that

had been used and employed by Tiger prior to the asset sale.  Tiger ceased operations effective August 1, 2009, and issued a statement that it would not be paying creditors.

Shortly after the creditor's examinations, on September 11, 2009, Plaintiff initiated a lawsuit against Kimberley Kalinowski, Marc Kalinowski, Tiger, Thunder, Michigan Commerce Bank, and Edward Kalinowski in the Oakland County Circuit Court.   On January 21, 2010, the state court entered a Default Judgment against Tiger, voiding the transfers to Thunder to the extent necessary to satisfy Plaintiff's Judgment against Tiger.   The state court dismissed all of the other claims in the Complaint, except for the Piercing the Corporate Veil claim, during extensive pretrial motions. The state court held a bench trial solely on the Piercing the Corporate Veil claim, and, on February 10, 2011, entered a judgment against Kimberley Kalinowski, piercing the corporate veil of Tiger and holding her personally liable for the debts and obligations of Tiger.

Shortly after that Judgment was entered, Kimberley Kalinowski filed a Claim of Appeal with the Michigan Court of Appeals.  While that appeal was pending, on April 7, 2011, Kimberley and Marc Kalinowski filed their Chapter 7 bankruptcy petition.  On July 14, 2011, Plaintiff filed a Complaint against Kimberley Kalinowski ("Defendant") seeking a determination of nondischargeability of the debt owed to him under 11 U.S.C. § 523(a)(2)(A).  The parties each filed the indicated Motions for Summary Judgment which are presently before the Court.

## APPLICABLE LAW

A.   Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides the statutory basis for summary judgment, and is made applicable to adversary proceedings via Federal Rule of Bankruptcy Procedure 7056.  Summary judgment is only appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Id.* at 247-48.  A "genuine" issue is present "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.* at 248.

B.   Section 523(a)(2)(A)

In the present cross-motions, both Plaintiff and Defendant seek summary judgment in respect to Plaintiff's § 523(a)(2)(A) claim.  That claim is based on actual fraud.

Section 523(a)(2)(A) provides:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

* * *

   (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

      (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

4

This section is phrased in the disjunctive, meaning that false pretenses, false representation and actual fraud are three separate grounds for nondischargeability. *Mellon Bank, NA v. Vitanovich* (*In re Vitanovich* ), 259 B.R. 873, 877 (B.A.P. 6th Cir. 2001); *JGR Assocs., LLC v. Brown* (*In re Brown* ), 442 B.R. 585, 600 (Bankr. E.D. Mich. 2011); *Morganroth & Morganroth, PLLC v. Stollman* (*In re Stollman* ), 404 B.R. 244, 257 (Bankr. E.D. Mich. 2009).

A Bankruptcy Appellate Panel for the Sixth Circuit adopted the Seventh Circuit Court of Appeal's position in *McClellan v. Cantrell,* 217 F.3d 890 (7th Cir. 2000), "that [§ ] 523(a)(2)(A) is not limited to misrepresentations and misleading omissions." *Vitanovich,* 259 B.R. at 877 (quoting *McClellan,* 217 F.3d at 893).[1] The Bankruptcy Appellate Panel held, "When a debtor intentionally engages in a scheme to deprive or cheat another of property or a legal right, that debtor has engaged in actual fraud and is not entitled to the fresh start provided by the Bankruptcy Code." *Vitanovich,* 259 B.R. at 877. To establish actual fraud, Plaintiff must show (1) a course of conduct intended to deceive; (2) justifiable reliance; and (3) proximate causation. *Brown,* 442 B .R. at 600 (citing *Field v. Mans,* 516 U.S. 59, 69 (1995)). Plaintiff has the burden of proving actual fraud by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 291 (1991). "[E]xceptions to discharge are to be strictly construed against the creditor."

---

[1] In *Vitanovich*, 259 B.R. at 877 (internal punctuation marks, quotations, and citations omitted), the court explained:

> By distinguishing between a false representation and actual fraud, the statute makes clear that actual fraud is broader than misrepresentation. *McClellan* acknowledges that many cases have assumed that actual fraud involves a misrepresentation. However, such a restricted definition is not required, as actual fraud encompasses any deceit, artifice, trick, or design involving direct and active operation of the mind, used to circumvent and cheat another.

*Rembert v. AT & T Universal Card Servs., Inc.* (*In re Rembert* ), 141 F.3d 277, 281 (6th Cir. 1998).

C.  Collateral Estoppel

In his Motion for Summary Judgment, Plaintiff argues that, because Michigan law requires that there have been some fraud or wrong committed to pierce the corporate veil, the state court must have necessarily determined that Defendant committed fraud or similar wrong when it entered the Judgment Piercing the Corporate Veil of Tiger. Plaintiff argues that collateral estoppel should apply to preclude Defendant from arguing that she did not commit actual fraud in defending Plaintiff's § 523(a)(2)(A) claim.

"Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979) (citations omitted). In *Livingston v. Transnation Title Insurance Co. (In re Livingston),* 372 Fed. Appx. 613, 617 (6th Cir. 2010) (citations omitted), the Sixth Circuit Court of Appeals confirmed that principles of collateral estoppel apply in Section 523(a) actions, and that state court judgments can have an issue preclusive effect in those proceedings. *See also Grogan*, 498 U.S. at 285 ("[C]ollateral estoppel principles do indeed apply in discharge exception proceedings pursuant to Section 523(a)."). In *Livingston*, 372 Fed. Appx. at 617, the Sixth Circuit followed another bankruptcy court in this district in looking to Michigan law to determine whether a Michigan state court judgment has a preclusive effect. *See also Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892 (1984) ("[A] federal court

6

must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the [s]tate in which the judgment was rendered.").

Under Michigan law, collateral estoppel applies when:

1.) there is identity of parties across the proceedings;
2.) there was a valid, final judgment in the first proceeding;
3.) the same issue was actually litigated and necessarily determined in the first proceeding; and
4.) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding.

*Phillips*, 434 B.R. at 485 (citing *Hinchman v. Moore*, 312 F.3d 198, 202 (6th Cir. 2002) (citations omitted)).

## ANALYSIS

### A. Plaintiff's Motion for Summary Judgment

Here, there are two judgments that are at issue deriving from the two state court cases: (1) the May 20, 2009 Judgment confirming the Arbitration Award in the amount of $307,978.16, based only on the Michigan Sales Commission Act, MCL 600.2961, and breach of contract claims raised by Plaintiff; and (2) the February 10, 2011 Judgment Piercing the Corporate Veil of Tiger and holding Defendant liable for the debts and obligations of Tiger. The parties agree that the former would not itself qualify as a nondischargeable debt under § 523(a)(2). *Cloyd v. GRP Records (In re Cloyd)*, 238 B.R. 328, 336 (Bankr. E.D. Mich. 1999) ("[A] mere breach of contract is not a dischargeable debt."). The parties' disagreement relates to the latter. Plaintiff argues that, because Michigan law requires that there have been some fraud or wrong committed to pierce the corporate veil, the state court must have necessarily determined that Defendant committed fraud or similar wrong when it entered the Judgment

7

Piercing the Corporate Veil of Tiger. Defendant argues that the state court did not make any findings that she committed any fraud or similar wrong. Defendant further argues that, even if the state court's opinion and Judgment are read as Plaintiff argues, § 523(a)(2)(A) applies only to debts that were incurred as a result of fraud and not to debts that were incurred prior to the commission of the alleged fraud. Defendant claims that the underlying debt was based on a breach of contract claim only and, even if there was necessarily a finding of fraud in the Judgment Piercing the Corporation Veil of Tiger, that cannot be considered in a § 523(a)(2)(A) analysis because it would have occurred after the underlying debt was incurred.

First, the Court must resolve whether the state court Judgment has a collateral estoppel effect in this proceeding. It is clear that there is identity of parties across the proceedings, there was a valid, final judgment rendered in the state court proceeding, and Defendant had a full and fair opportunity to litigate these issues in the state court proceeding; therefore, the first, second, and fourth elements necessary to the application of collateral estoppel have been met. What is less clear, however, is whether the issue of fraud was "actually litigated and necessarily determined" in the state court proceeding, i.e.: does the piercing of the corporate veil automatically involve fraud or other wrongdoing such as encompassed by § 523(a)(2)(A), and, if so, when?

The facts relevant to this issue follow. On September 11, 2009, Plaintiff initiated the state court proceeding against Defendant, Marc Kalinowski, Tiger, Thunder, Michigan Commerce Bank, and Edward Kalinowski. That complaint alleged several counts, including (1) Piercing the Corporate Veil of Tiger; (2) Fraudulent Transfer in Violation of the Michigan Uniform Fraudulent Transfer Act; (3) Aiding and Abetting Fraud against Marc Kalinowski,

Kimberley Kalinowski, Edward Kalinowski, and Michigan Commerce Bank; (4) Conspiracy to Commit Fraud against Marc Kalinowski, Kimberley Kalinowski, Edward Kalinowski, and Michigan Commerce Bank; and (5) Successor Liability against Thunder. The state court entered a Default Judgment against Tiger, voiding the transfers to Thunder to the extent necessary to satisfy Plaintiff's Judgment against Tiger. The state court dismissed all of the other claims, except for the Piercing the Corporate Veil claim, during extensive pretrial motions. The state court held a bench trial solely on the Piercing the Corporate Veil claim, and, on February 10, 2011, entered a judgment against Defendant, piercing the corporate veil of Tiger and holding her personally liable for the debts and obligations of Tiger. That Judgment provided, in part:

> Defendant Kimberly [sic] was the sole member/owner of Tiger. No formal corporate records were kept and no management meetings were ever held with respect to the operation or finances of Tiger. Defendant and her husband directly funded Tiger with the proceeds from a home equity line of credit on their personal residence and regularly made the loan payments from the Tiger account. Personal expenses of Defendant and her husband were paid by Tiger. Unaccounted for non-payroll transfers of funds were made to various parties including Defendant's husband. Defendant never took a salary or distribution from Tiger. Where a corporation is a mere agent or instrumentality of its shareholders or a device to avoid legal obligations, the corporate entity may be ignored. *Kline v. Kline*, 104 Mich App 700 (1981). Court's [sic] will grant this remedy where honoring the corporate structure would subvert justice or perpetrate fraud. *Bitar v. Wakim*, 456 Mich 428 (1998). Defendant and tiger had a complete identity of interests and Defendant and her husband used Tiger as her mere instrumentality. Under the circumstances presented, it is only equitable that Defendant be held personally liable for the debts and obligations of Tiger.

As noted, Plaintiff argues that, because Michigan law requires that there have been some fraud or wrong committed to pierce the corporate veil, the state court must have necessarily determined that Defendant committed fraud or similar wrong when it entered the Judgment Piercing the Corporate Veil of Tiger.

Under Michigan Law, corporations are treated as "an entirely separate entity from its shareholders, even where the individual owns all the corporation's stock." *Ryman v. Baergan*, 262 Mich. App. 274, 293, 696 N.W. 2d 241 (2004). However, the courts may ignore this presumption and the corporate veil may be pierced if, under the circumstances, respecting an otherwise separate corporate existence will "subvert justice or cause a result that would be contrary to some other clearly overriding public policy. *Wells v. Firestone Tire & Rubber Co.*, 421 Mich. 641, 650, 364 N.W. 2d 670 (1984).

Plaintiff argues that Michigan law requires a showing of fraud or illegality before the corporate form will be disregarded. See *RDM Holdings, Ltd. v. Continental Plastics Co.*, 281 Mich. App. 678, 715, 762 N.W. 2d 529 (2008) (providing that, for the corporate veil to be pierced, the plaintiff must aver facts that show (1) that the corporate entity is a mere instrumentality of another entity or individual, (2) that the corporate entity was used to commit fraud or a wrong, and (3) that, as a result, the plaintiff suffered an unjust injury or loss."); *Dutton Partners, LLC v. CMS Energy Corp.*, 290 Mich. App. 635, 645, 802 N.W. 2d 717, 723 (2010) (holding that, in order to pierce the corporate veil, a plaintiff must present evidence of "fraud, wrongdoing, or misuse of the corporate form.")

Contrary to the Defendant's argument, "Michigan law does not require a showing of fraud or illegality before the corporate form will be disregarded." *Grand Rapids Associates Ltd. P'ship v. Coop Properties, LLC*, 10-2560, 2012 WL 3553488 (6th Cir. Aug. 20, 2012) (quoting *Concept One Int'l, Inc. v. Nippecraft Ltd.,* No. 1:96–CV–565, 1997 WL 483248, at *5 n. 2 (W.D. Mich. Feb. 14, 1997)). Rather, the corporate veil may be pierced as long as, "the injustice sought to be prevented [is] in some manner relate[d] to a misuse of the corporate form

short of fraud or illegality." *Id.* (quoting *Soloman v. Western Hills Dev. Co.,* 312 N.W.2d 428, 432 (Mich. Ct. App. 1981)). Thus, the state court, in its decision (correctly) noted that the corporate veil can be pierced when honoring the corporate structure would subvert justice "or" perpetuate fraud. As this Court reads the state court decision, the state court pierced the veil on the basis of the former, but not the latter.

Michigan law provides that "[c]ollateral estoppel applies only where the basis of the prior judgment can be ascertained clearly, definitely, and unequivocally. The inability of a court to determine the basis for the prior court judgment is, by itself, enough to preclude the defense of collateral estoppel." *Livingston*, 372 Fed. Appx. at 618 (citing *People v. Gates*, 434 Mich. 146, 156-57, 452 N.W.2d 627, 631 (1990)) (internal quotation marks omitted). A clear, definite, and unequivocal basis for the Judgment is not evident here. In its Opinion and Judgment, the state court cited *Kline v. Kline*, 104 Mich. App. 700, 305 N.W.2d 297, 299 (Mich. App. 1981) and *Bitar v. Wakim*, 456 Mich. 428 (1998), neither of which required a showing of fraud or other wrongdoing in order the corporate veil to be pierced. The facts relied on by the state court in its Opinion and Judgment clearly indicate that the state court based its ruling on Defendant's use of the corporation as a mere instrumentality, not on fraud or other wrongdoing. The state court relied solely on the fact that Tiger was a mere instrumentality of Defendant and concluded that Defendant's use of the corporate structure to avoid legal obligations would subvert justice and that it would only be "equitable that Defendant be held personally liable for the debts and obligations of Tiger." Although the state court held that Tiger's corporate veil could be pierced on the record before it, this Court cannot conclude from the state court's Opinion and Judgment that it found sufficient evidence of fraud or malice to

11

make collateral estoppel applicable to Plaintiff's § 523(a)(2)(A) claim. To wit: the corporate veil can be pierced on grounds or facts which might not be grounds for nondischargeability under § 523(a)(2)(A), even as such are broadly construed under the cited cases. Accordingly, Plaintiff's Motion for Summary Judgment is denied.

B. <u>Defendant's Motion for Summary Judgment</u>

Next, the Court will address the arguments raised in Defendant's Motion for Summary Judgment and Plaintiff's Response thereto. As noted, the parties agree that the underlying Judgment debt owed to Plaintiff stemmed from a breach of contract by Tiger. In Defendant's Motion for Summary Judgment, she argues that even if Plaintiff could prove fraud with regard to the actions taken by her and Tiger to avoid payment of Plaintiff's Judgment, those actions could not be considered in a § 523(a)(2)(A) analysis because they would have occurred <u>after</u> the underlying debt was incurred.

As stated previously, Section 523(a)(2)(A) provides:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

\* \* \*

(2) for money, property, services, or an extension, renewal, or refinancing of credit, **to the extent obtained by**—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

11 U.S.C. § 423(a)(2)(A) (emphasis added). To establish actual fraud, Plaintiff must show (1) a course of conduct intended to deceive; (2) justifiable reliance; and (3) proximate causation. *Brown,* 442 B.R. at 600 (citing *Field v. Mans,* 516 U.S. 59, 69 (1995)). "[T]o the extent

12

obtained by" modifies "money, property, services, or ... credit" -not "any debt"-so that the exception encompasses "any debt ... for money, property, services, or ... credit, to the extent [that the money, property, services, or ... credit is] obtained by" fraud. *Cohen v. de la Cruz*, 523 U.S. 213, 218, 118 S. Ct. 1212, 1216, (1998). In order for a creditor to establish that a debt is nondischargeable, he must demonstrate that there is a causal nexus between the fraud and the debt. *Id*. (describing § 523(a)(2)(A) as barring discharge of debts "resulting from" or "traceable" to fraud) (quoting *Field v. Mans*, 516 U.S. 59, 61, 116 S. Ct. 437 (1995)).

The underlying debt stemmed from a breach of contract relating to certain sales commissions Tiger owed to Plaintiff. At trial in this case, Plaintiff may be able to show that there was also fraud involved incident to piercing the corporate veil. That said, and given the Defendant's argument, there will remain the relevant question of when did that fraud occur in relation to, and was it involved in, the incurring of the debt in question? One might draw an inference from the language of the state court opinion that, at least for purposes of its opinion, the corporate entity should be ignored or the veil pierced from the time of its incorporation. If so, that may or may not permit a conclusion that if there was fraud proven, it should be considered as having occurred at all times between incorporation and the events involved in this case and the time the subject debt was created. It is also possible that if there was fraud, a court could find that it started or occurred at or during some specific time frame which included or excluded the subject debt. These are factual issues as well as legal issues based on factual findings and an evidentiary record, and, as such, cannot, at this point at least, support the granting of a summary judgment in favor of Defendant.

13

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Summary Judgment is denied and Defendant's Motion for Summary Judgment is denied. An Order is being entered concurrently.

14

**Signed on October 02, 2012**

                                              /s/ Walter Shapero
                                        Walter Shapero
                                        United States Bankruptcy Judge