UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

IN RE:

MARC KALINOWSKI, and,
KIMBERLEY KALINOWSKI,

    Debtors,
_____/

BRIJ GUJRAL,

    Plaintiff,

v.

KIMBERLEY KALINOWSKI,

    Defendant.
_____/

Case No.: 11-49990-wsd
Chapter 7
Honorable Walter Shapero

Adv. Proc. No.: 11-06030-wsd

## OPINION DENYING DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT

Previously, the Court denied both Plaintiff's and Defendant's Motions for Summary Judgement, on this 523(a)(2)(a) proceeding, which essentially stems from a state court proceeding in which the state court found Debtor personally liable for an entity debt involving payment of sales commission to Plaintiff, by way of piercing the corporate veil of that entity. Given the grounds for the Motions and upon which the Court then denied them, the Defendant filed a Second Motion for Summary Judgment on primarily a different ground, i.e.: that Plaintiff failed to plead fraud with the particularity required by the applicable rule. The initial hearing on the latter Motion resulted in the Court giving Plaintiff time to amend his Complaint, which he did. This resulted in new arguments to also determine whether the amended Complaint can survive based on arguments that (1) the Amendment to the Complaint still did not plead fraud with the required particularity under

1

Fed.R.Bankr.P. 7009(a)(2)(b); (2) that Amendment seeks to add causes of action that are time barred under Fed.R.Bankr.P. 4004; and (3) that Amendment should be disallowed pursuant to 11 U.S.C. § 502(b)(1) on res judicata grounds.

The Amended Complaint added a new paragraph 23 alleging the subject indebtedness resulted from fraud extant at the time(s) the indebtedness accrued in that the initial formation of the entity involved was fraudulent from its inception as being designed to circumvent a prior agreement, and, the entity and Debtor never intended to honor the compensation obligation, stating a number of facts which allegedly support that conclusion. Not to be forgotten in evaluating the situation is the initial Complaint and the exhibits attached thereto; the Plaintiff's Motion for Summary Judgment and the exhibits thereto and those portions of the state court proceedings that were before this Court in making its prior summary judgment decisions.

As to the rule 7009(a)(2)(b) issue, the Court not only concludes the "with particularity" and other requirements of the rule are met by the face of the Amended Complaint, but importantly, when those prior documents are considered, as the Court deems is appropriate. Defendant is and has become well aware of the details of the claim asserted and cannot logically claim otherwise or any surprise. As to the rule 4004 argument, the cause of action alleged here is properly seen as one under § 523(a)(2)(A) and always has been. The Amendment to the Complaint is to be tested as such under Fed.R.Bankr.P. 7015(c), and as such is properly seen as one arising out of conduct, occurrence or transactions set out in the original Complaint and the other referred to pleadings, and thus relates back to the timely filing of the original Complaint and is not time barred. As to the res judicata argument, the Court views this case as a classic *Brown vs. Felsen*, 442 U.S.C. § 127 (1979) situation

precluding the application of res judicata thereto.  Accordingly, the Second Motion for Summary Judgment is denied, and an order is being entered accordingly.

**Signed on May 17, 2013**

                                                    **/s/ Walter Shapero**
                                        **Walter Shapero**
                                        **United States Bankruptcy Judge**